UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-22950

| | |
|---|---|
| WALTER HUMBERTO PEREZ VALVERDE, WALTER ALEXANDER GONZALEZ GOMEZ, MANUEL DE JESUS LOPEZ RIVERA, WILLIAM ALBERTO MIDENCE ORDONEZ, GERONIMO FERNANDO PARRALES CHEVEZ, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MIAMI TERMINAL COLD STORAGE, LLC, LEE E SIGLER, and DEBORAH M SIGLER, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND TO SEVER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, by and through the undersigned counsel, hereby file this Response in Opposition to Defendants' Motion for Definite Statement and to Sever and Incorporated Memorandum of Law and state the following in support thereof:

**Background**

1. On July 7, 2016, the Plaintiffs in this action filed a Complaint for unpaid overtime wages under the FLSA. [DE 1]

2. On September 9, 2016, Defendants filed a Motion for Definite Statement and to Sever Plaintiffs' claims in this matter. [DE 13]

## Argument

3.     Plaintiffs' Complaint alleges the necessary elements of unpaid overtime under the FLSA.

4.     Plaintiffs assert rights to relief under the FLSA for unpaid overtime wages which arise out of the same transaction, occurrence, or series of transactions or occurrences.

5.     Further, questions of law and fact are common to all Plaintiffs that arise in this action.

6.     As such, Defendants' Motion for Definite Statement and to Sever should be denied.

## Memorandum of Law and Fact

### I.     Plaintiffs' Complaint alleges the necessary elements of unpaid overtime under the FLSA—Defendants Motion for More Definite Statement should be denied.

A motion for a more definite statement may only be granted, however, "if a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Betancourt v. Marine Cargo Mgmt.,* 930 F.Supp. 606, 608 (S.D.Fla.1996) (internal quotations omitted); *see also Anderson v. District Bd. of Trustees,* 77 F.3d 364, 366 (11th Cir.1996) (stating that a motion for more definite statement is appropriate when a complaint renders it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). Defendants may not use a motion for more definite statement as a means of discovery regarding those claims. *Royal Shell Vacations, Inc. v. Scheyndel,* 233 F.R.D. 629, 630 (M.D.Fla.2005).

The Southern District of Florida stated in *Anish v. Nat'l Sec. Corp.*, 10–80330–CIV–MARRA, 2010 WL 4065433, at *2 (S.D.Fla.2010),

> [u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, **the requirements to state a claim of a FLSA violation are quite straightforward**. *Secretary of Labor v. Labbe*, 319 Fed.Appx. 761, 763 (11th Cir.2008). **The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.** *Id.; see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir.2008) (explaining that to establish a *prima facie* FLSA case, an employee must demonstrate (1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages); *Powell v. Morton Plant Mease Health Care, Inc.*, 174 Fed.Appx. 520, 521 (11th Cir.2006)(same).

Here, Plaintiffs' Complaint clearly sets forth the claim for relief as to each Plaintiff. Plaintiffs' complaint makes it sufficiently clear which allegations of fact pertain to which Plaintiff. Moreover, Plaintiffs all allege all the required elements—a failure to pay overtime compensation to covered employees and/or failure to keep payroll records in accordance with the Act. *See* Plaintiffs' Complaint [DE 1]. Defendants cannot argue that Plaintiffs' Complaint is so vague or ambiguous that it cannot reasonably be required to frame a responsive pleading. Defendants argument is that Plaintiffs should be required to set forth a more factual description of Plaintiffs' job description; however, as shown above, Plaintiffs are not required to meet such a heightened pleading standard.

Due to the foregoing, Defendants Motion for Definite Statement should be denied.

**II. Plaintiffs assert rights to relief under the FLSA for unpaid overtime wages which arise out of the same transaction, occurrence, or series of transactions or occurrences. Further, questions of law and fact are common to all Plaintiffs that arise in this action— Defendants' Motion to Sever should be denied.**

Defendants contend that Plaintiffs' claims should be severed due to misjoinder of the parties. Joinder is proper under Rule 20, Fed.R.Civ.P., if the Plaintiffs establish (1) a right to

relief arising out of the same transaction or occurrence, or a series of transactions or occurrences, and (2) *some* question of law or fact common to them both. *Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir.2000) (*emphasis added*). **Joinder is "strongly encouraged" and the rules are construed generously towards "entertaining the broadest possible scope of action consistent with fairness to the parties."** *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (*emphasis added*).

In determining whether claims arise from the same transaction or occurrence, or series of transactions or occurrences, courts in the Eleventh Circuit apply the "logical relationship" test. *See Smith v. Trans–Siberian Orchestra,* 728 F.Supp.2d 1315, 1319 (M.D.Fla.2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla. .,* 755 F.2d 1453, 1455 (11th Cir.1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health,* 755 F.2d at 1455). In other words, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.' " *Republic Health,* 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361 (5th Cir.1979)). "[O]nly claims that do not arise from common operative facts are not logically related." *Montgomery Ward Dev. Corp. v. Juster,* 932 F.2d 1378, 1381 n. 1 (11th Cir.1991). **The "logical" relationship standard is a "loose" one "which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits."** *Plant,* 598 F.2d at 1361 (internal quotations omitted) (*emphasis added*).

Here, all Plaintiffs' claims are for the same right to relief—unpaid overtime wages under the FLSA. All Plaintiffs worked at some point, simultaneously, with each other for the named Defendants. All Plaintiffs worked in a warehouse unloading and loading cargo with the slightest

difference in responsibilities, if any.  All Plaintiffs allege that they worked over 40 hours a week and were not paid the extra half time rate as required under the FLSA.  There are no additional counts to the complaint such as minimum wages or retaliation.  Here, the same operative facts serve as the basis for all Plaintiffs' claims. As such, Plaintiffs' claims arise from the same transaction or occurrence, or series of transactions or occurrences.  Even more, it is very clear that there are questions of law **and** fact common to all Plaintiffs.

Due to the foregoing, Defendants Motion to Sever should be denied.

WHEREFORE, Plaintiffs hereby respectfully request that this Honorable Court deny Defendants' Motion for More Definite Statement and to Sever.  Plaintiffs further request the Court order the Defendants to file an answer to the Complaint, and any and all other relief this Court deems just and proper under the law.

Respectfully submitted this 9th day of September, 2016.

>J. H. ZIDELL, P.A.
>ATTORNEYS FOR PLAINTIFF
>300-71ST STREET, SUITE 605
>MIAMI BEACH, FLORIDA 33141
>305-865-6766
>305-865-7167
>
>By:  /s/ Allyson Morgado, Esq.
>     Allyson Morgado, Esquire
>     Florida Bar No.: 91506

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 09/09/16 TO:

**Adi Amit**
Lubell & Rosen, LLC
200 S. Andrews Avenue
Suite 900

Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
Email: adi@lubellrosen.com

                                        BY:____/s/____Allyson Morgado_____
                                                Allyson Morgado, Esq.