UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:16-cv-22950-JAL

WALTER HUMBERTO PEREZ VALVERDE, WALTER ALEXANDER GONZALEZ GOMEZ, MANUEL DE JESUS LOPEZ RIVERA, WILLIAM ALBERTO MIDENCE ORDONEZ, GERONIMO FERNANDO PARRALES CHEVEZ, and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

MIAMI TERMINAL COLD STORAGE, LLC, LEE E SIGLER, and DEBORAH M SIGLER,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

    Defendants, MIAMI TERMINAL COLD STORAGE, LLC, LEE E SIGLER, and DEBORAH M SIGLER, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

    1.    Admitted that the Complaint alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

    2.    Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph. Further, the allegation does not specify which Plaintiff it references in singular form. Therefore, Defendants cannot admit or deny this allegation.

    3.    Admitted that MIAMI TERMINAL COLD STORAGE, LLC is a limited liability company that regularly transacts business within Miami-Dade County.

4. Admitted that LEE E SIGLER is a corporate officer and/or owner of MIAMI TERMINAL COLD STORAGE, LLC. All other allegations in this paragraph are denied.

5. Admitted that DEBORAH M SIGLER is a corporate officer and/or owner of MIAMI TERMINAL COLD STORAGE, LLC. All other allegations in this paragraph are denied.

6. Denied that any acts or omissions capable of giving rise to an FLSA dispute took place.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION[1]

7. (1) Admitted that the Complaint alleges a violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

8. (2) Admitted.

9. (3) This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

10. (4) Denied.

11. (5) Denied.

12. (6) Denied.

13. (7) Denied.

14. (8) Denied.

15. (9) The Fair Labor Standrads Act does not "apply" to business activities; it applies to businesses and/or individuals. Further the paragraph does not specify which of the Plaintiffs it refers to in singular form. Therefore, it is denied.

---

[1] Plaintiffs' restarted their sequential numbering of paragraphs in this Count. Defendants' responses are sequentially correct with each response referencing in parentheses Plaintiffs' sequence.

16. (10) Admitted.

17. (11) Admitted.

18. (12) Admitted.

19. (13) Denied.

20. (14) Denied.

21. (15) Denied.

22. (16) Denied.

23. (17) Denied.

24. (18) Denied.

25. (19) Denied.

26. (20) Denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiffs fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### **Second Affirmative Defense**

Plaintiffs' damages, if any, are limited by the relevant statute of limitations of two years.

### **Third Affirmative Defense**

Plaintiffs are not entitled to damages for hours not actually worked during any workweek.

### Fourth Affirmative Defense

Plaintiffs' claims are barred to the extent that they did not work more than forty (40) hours in any workweek.

### Fifth Affirmative Defense

Plaintiffs have not met all of the requirements to bring a collective action under the FLSA. Specifically, Plaintiff has not identified any other individuals who are similarly situated *and* may be interested in opting-in.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

### Seventh Affirmative Defense

Plaintiffs' claims are barred to the extent any overtime work done by Plaintiffs is *de minimis*. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Eighth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendants, LEE E SIGLER, and DEBORAH M SIGLER, are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 5th day of October, 2016.

>LUBELL & ROSEN, LLC
>*Attorneys for Defendants*
>200 S. Andrews Ave, Suite 900
>Ft. Lauderdale, Florida 33301
>Phone: (954) 880-9500
>Fax: (954) 755-2993
>E-mail:   adi@lubellrosen.com
>
>By: *s/Adi Amit*
>    Adi Amit, Esquire
>    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By:    /s *Adi Amit*
>    Adi Amit, Esquire
>    Florida Bar No: 35257

## SERVICE LIST

*Walter Humberto Perez Valverde, et al. v. Miami Terminal Cold Storage, LLC., et al.*
S.D. Fla. Case No. 1:16-cv-22950-JAL

| | |
|---|---|
| Allyson Morgado, Esq.<br>Joshua H. Sheskin, Esq.<br>J.H. Zidell, Esq.<br>J.H. Zidell, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, FL 33141<br>amorgado.jhzidell@gmail.com<br>jsheskin.jhzidell@gmail.com<br>ZABOGADO@aol.com<br>*Counsel for Plaintiffs* | Adi Amit, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Ave.<br>Suite 900<br>Fort Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>*Counsel for Defendants* |