UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22950-CIV-LENARD/GOODMAN

WALTER HUMBERTO PEREZ VALVERDE,
et al.,

    Plaintiffs,

v.

MIAMI TERMINAL COLD STORAGE, LLC,
et al.,

    Defendants.
_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

The parties filed Notices of Hearing concerning various discovery issues. [ECF Nos. 45; 48; 49]. The Undersigned held a hearing on the various issues on June 9, 2017, and **ORDERS** as follows:

An appropriate corporate representative of Peres and Associates Enterprises, Inc. must appear for a deposition at defense counsel's office on June 27, 2017 to answer certain questions to bind the corporation. Failure of the corporate representative to appear at the deposition may result in a finding of contempt, resulting in a fee award against Peres and Associates Enterprises, Inc. The Undersigned deems it Defendants' responsibility to timely serve Peres and Associates Enterprises, Inc. with a new subpoena for the deposition and with a copy of this Order.

At the hearing, defense counsel explained that a corporate representative of Peres and Associates Enterprises, Inc. represented that she had "no interest" in appearing for a deposition or attending the hearing. A subpoena is not an invitation to a party, giving the recipient the opportunity to simply not show up. It is a court order. Failure to comply carries consequences, serious consequences, including contempt of court. Moreover, because the entity is a corporation, Florida law requires it to appear in court only through an attorney. Therefore, if Peres and Associates Enterprises, Inc. wishes to challenge this Order or otherwise seeks to be excused from the obligation to appear for a deposition, then it must do so through an attorney.

Furthermore, Peres and Associates Enterprises, Inc. must pay to defense counsel, within one week of service of this Order, $600 for defense counsel's unnecessary fees and costs incurred for the corporate representative's failure to appear at the deposition.[1]

Concerning #6 from Plaintiffs' First Set of Interrogatories, if in fact Defendant Miami Terminal Cold Storage LLC's good faith affirmative defense is not based on advice from an accountant, there is no legitimate reason to disclose the name of the accountant, or for Plaintiffs to take his or her deposition, or for Plaintiffs to get documents. By June 16, 2017, Defendant Miami Terminal Cold Storage LLC must file a written notice stating whether its good faith affirmative defense is based on the advice or information from its accountant.

---

[1] $500 for defense counsel's fees incurred at a rate of $300 per hour and $100 in costs.

Concerning #7 from Plaintiffs' First Set of Interrogatories, by June 16, 2017, Defendant Miami Terminal Cold Storage LLC shall provide Plaintiffs with an answer signed under oath by an appropriate corporate representative. If the corporate representative does not have the requested information, then the corporate representative shall say so in his or her supplemented answer.

**DONE and ORDERED** in Chambers, in Miami, Florida, on June 12, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record